UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE

- Assorted Jewelry (Value - $3,920.00)
  22-DEA-688416;
- Assorted Jewelry (Value- $35,580.00)
  22-DEA-688415;
- $32,789.00 in U.S. Currency
  22-DEA-688413

Misc. No.: 22-51254

### Stipulation and Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Gloria Mullins, by and through her attorney, Michael Norman, as follows:

1. On February 11, 2022, the Drug Enforcement Administration ("DEA") seized the following property:

   - $32,789.00 U.S. Currency;

   - Stainless steel & 18k yellow gold Rolex Sky-Dweller with aftermarket diamonds Serial 2860M2H5, Model:326933;

   - 10k yellow & white gold stamped "Juke" necklace 22 inches long;(2575) round brilliant cut diamonds;

- 10k yellow gold stamped rope chain; 22 inches long; 144.6 grams. 14k yellow gold tested "JG" pendant;

- 14k yellow gold stamped ring size 11.5 (50) baguette cut diamonds, 2.3mm-3.5mm x 1.0mm;

- 14k yellow gold stamped earrings (14) round brilliant cut diamonds estimated 2.55 carats;

- Stainless steel & 18k yellow gold Rolex DateJust with aftermarket parts and diamonds Serial R440237, Model:69173; and

- 14k white gold stamped wedding ring set; size 7.25; (1) round brilliant cut diamond 1.00 carat

(collectively referred to herein as the "Property").

2. The Parties acknowledge and stipulate that the DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Gloria Mullins.

3. Gloria Mullins filed a claim in the administrative forfeiture proceeding with the DEA regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. The DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

    (a) file a complaint for forfeiture against the claimed property,

    (b) return the claimed property, or

    (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **August 4, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7. Gloria Mullins knowingly, intelligently, and voluntarily gives up any rights she may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **August 4, 2022**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **August 4, 2022** to and including **November 2, 2022**.

9. Gloria Mullins waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights she may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Gloria Mullins further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Gloria Mullins agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **November 2, 2022**, whichever occurs first, the Property shall remain in the custody of the United States and Gloria Mullins shall not seek its return for any reason in any manner.

11. By signing below, Michael Norman declares that prior to signing this Stipulation, he reviewed it with Gloria Mullins, consulted with Gloria Mullins

4

regarding its contents, answered any questions Gloria Mullins had about it, determined that Gloria Mullins understands its terms and is aware of her rights in this matter, and Gloria Mullins authorized Michael Norman to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

S/Cassandra M. Resposo
Cassandra M. Resposo (IL 6302830)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9736
Cassandra.Resposo@usdoj.gov

Dated: July 27, 2022

S/Michael Norman w/consent
Michael Norman (P75844)
Attorney for Gloria Mullins
The Law Offices of Barton Morris
520 N. Main Street
Royal Oak, MI 48067
(248) 541-2600
mike@bartonmorris.com

Dated: August 2, 2022

**IT IS SO ORDERED.**

Date: 8-2-22

_____
UNITED STATES DISTRICT JUDGE